IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MOSAID TECHNOLOGIES INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FREESCALE SEMICONDUCTOR, INC., | § | JURY TRIAL DEMANDED |
| INTERPHASE CORPORATION, and | § | |
| NVIDIA CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff MOSAID Technologies Inc. ("MOSAID") brings this action for patent infringement and alleges as follows:

## THE PARTIES

1. Plaintiff MOSAID is a Canadian corporation, with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario K2K 2X1, Canada. Plaintiff MOSAID's United States principal place of business is located at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2. Defendant Freescale Semiconductor, Inc. ("Freescale") is a Delaware corporation with its principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735.

3. Defendant Interphase Corporation ("Interphase") is a Texas corporation with its principal place of business at 2901 North Dallas Parkway, Suite 200, Plano, Texas 75093.

4. Defendant NVIDIA Corporation ("NVIDIA") is a Delaware corporation with its principal place of business at 2701 San Tomas Expressway, Santa Clara, California 95050.

## JURISDICTION

5. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants Freescale, Interphase, and NVIDIA, which have conducted and continue to conduct business in the State of Texas and in this Judicial District. Defendants Freescale, Interphase, and NVIDIA directly and/or through intermediaries make, offer for sale, sell, and/or advertise (including through a website) products and services in the State of Texas and in this Judicial District. Defendants Freescale, Interphase, and NVIDIA committed acts of patent infringement alleged herein within the State of Texas and, more particularly, within this Judicial District. Defendants Freescale, Interphase, and NVIDIA purposefully and voluntarily placed their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas and in this Judicial District. These infringing products have been and continue to be purchased by consumers in the State of Texas and in this Judicial District.

## VENUE

7. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1400(b) because acts and transactions constituting at least a subset of the violations alleged herein occurred in this Judicial District and/or because one or more of Defendants Freescale, Interphase, and NVIDIA transact business in this Judicial District. Venue is also proper in this Judicial District under 28 U.S.C. § 1391(c) because Defendants Freescale, Interphase, and NVIDIA are subject to personal jurisdiction in this District.

## ASSERTED PATENTS

8. On May 23, 2006, United States Patent No. 7,051,306 (the "'306 Patent," entitled "Managing Power on Integrated Circuits Using Power Islands") duly and legally issued. The '306 Patent relates to, among other things, power consumption management in integrated circuits. MOSAID is the owner of the '306 Patent and has all rights to enforce the '306 Patent with respect to the Defendants. A copy of the '306 Patent is attached as Exhibit A.

9. On August 19, 2008, United States Patent No. 7,415,680 (the "'680 Patent," entitled "Power Managers for an Integrated Circuit") duly and legally issued. The '680 Patent relates to, among other things, power consumption management in integrated circuits. MOSAID is the owner of the '680 Patent and has all rights to enforce the '680 Patent with respect to the Defendants. A copy of the '680 Patent is attached as Exhibit B.

10. On November 19, 1996, United States Patent No. 5,577,230 (the "'230 Patent," entitled "Apparatus and Method for Computer Processing Using an Enhanced Harvard Architecture Utilizing Dual Memory Buses and the Arbitration for Data/Instruction Fetch") duly and legally issued. The '230 Patent relates to, among other things, computer processors and memory architectures. MOSAID is the exclusive licensee of the '230 Patent and is the current owner of all rights to enforce the '230 Patent with respect to the Defendants. A copy of the '230 Patent is attached as Exhibit C.

11. On March 3, 1998, United States Patent No. 5,724,505 (the "'505 Patent," entitled "Apparatus and Method for Real-Time Program Monitoring via a Serial Interface") duly and legally issued. The '505 Patent relates to, among other things, monitoring computer program execution in microprocessor devices. MOSAID is the exclusive licensee of the '505 Patent and

is the current owner of all rights to enforce the '505 Patent with respect to the Defendants. A copy of the '505 Patent is attached as Exhibit D.

12.   On September 28, 1999, United States Patent No. 5,958,036 (the "'036 Patent," entitled "Circuit for Arbitrating Interrupts with Programmable Priority Levels") duly and legally issued. The '036 Patent relates to, among other things, interrupt priority arbitration in computer devices. MOSAID is the exclusive licensee of the '036 Patent and is the current owner of all rights to enforce the '036 Patent with respect to the Defendants. A copy of the '036 Patent is attached as Exhibit E.

13.   On October 31, 2000, United States Patent No. 6,141,762 (the "'762 Patent," entitled "Power Reduction in a Multiprocessor Digital Signal Processor based on Processor Load") duly and legally issued. The '762 Patent relates to, among other things, power consumption within electronic circuits. MOSAID is the exclusive licensee of the '762 Patent and is the current owner of all rights to enforce the '762 Patent with respect to the Defendants. A copy of the '762 Patent is attached as Exhibit F.

14.   On July 3, 2001, United States Patent No. 6,256,725 (the "'725 Patent," entitled "Shared Datapath Processor Utilizing Stack-Based and Register-Based Storage Spaces") duly and legally issued. The '725 Patent relates to, among other things, computer processor architectures. MOSAID is the exclusive licensee of the '725 Patent and is the current owner of all rights to enforce the '725 Patent with respect to the Defendants. A copy of the '725 Patent is attached as Exhibit G. The '306 Patent, '680 Patent, '230 Patent, '505 Patent, '036 Patent, '762 Patent, and '725 Patent are collectively referred to as the "Asserted Patents."

## **GENERAL ALLEGATIONS**

15. Defendants Freescale, Interphase, and NVIDIA have directly infringed and continue to directly infringe one or more of the Asserted Patents by making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the Asserted Patents. The infringing devices include, but are not limited to, processors, mobile products, microcontrollers, communications equipment, and system-on-chip devices.

16. Defendants Freescale, Interphase, and NVIDIA have indirectly infringed and continue to indirectly infringe one or more of the Asserted Patents by contributing to and actively inducing infringement of one or more of the claims of the Asserted Patents. Defendants Freescale, Interphase, and NVIDIA have notice of the Asserted Patents. The infringing devices are known by Defendants Freescale, Interphase, and NVIDIA to be especially made or especially adapted for use in an infringement of one or more of the Asserted Patents, and are not staple articles or commodities of commerce suitable for substantial noninfringing uses. Defendants Freescale, Interphase, and NVIDIA contribute to the infringement of one or more of the Asserted Patents by selling or importing the infringing devices to third parties, such as end-users, resellers, partners, and distributors who incorporate the infringing devices into their products and/or practice one or more claims of the Asserted Patents. Defendants Freescale, Interphase, and NVIDIA actively induce infringement by encouraging the use of the infringing devices by the third parties in ways that infringe one or more of the claims of the Asserted Patents. Defendants Freescale, Interphase, and NVIDIA knew or should have known that such encouragement would induce infringement. Such induced and/or contributory infringement has occurred at least since Defendants Freescale, Interphase, and NVIDIA became aware of the Asserted Patents.

17. As a result, Defendants Freescale, Interphase, and NVIDIA have been and still are infringing one or more of the claims of the Asserted Patents as defined by 35 U.S.C. § 271. MOSAID has suffered damage by reason of such infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

18. Defendants Freescale, Interphase, and NVIDIA have continued their infringing activities after receiving notice of the Asserted Patents and, therefore, such infringement is willful, entitling MOSAID to the recovery of increased damages under 35 U.S.C. § 284.

19. Infringement of one or more of the Asserted Patents by Defendants Freescale, Interphase, and NVIDIA is an "exceptional case" justifying an award of attorneys' fees and costs to MOSAID under 35 U.S.C. § 285.

20. MOSAID believes that Defendants Freescale, Interphase, and NVIDIA will continue to infringe one or more of the Asserted Patents unless enjoined by this Court. Such infringing activity causes MOSAID irreparable harm and will continue to cause such harm without the issuance of an injunction.

**COUNT ONE**
**Freescale's Infringement of the '306 Patent**

21. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

22. Defendant Freescale has been and is still directly infringing one or more of the claims of the '306 Patent. Defendant Freescale's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '306 Patent, such as processors and microcontrollers, including but not limited to one or more of the i.MX series of processors and the MPC560xx series of microcontrollers, including the i.MX37 Multimedia Applications Processor and the MPC5606S Microcontroller.

6

Defendant Freescale has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '306 Patent. Defendant Freescale's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT TWO
### Freescale's Infringement of the '230 Patent

23. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

24. Defendant Freescale has been and is still directly infringing one or more of the claims of the '230 Patent. Defendant Freescale's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '230 Patent, such as processors, mobile products, and microcontrollers, including but not limited to one or more of the i.MX series of processors, the MXC series of mobile products, and the MPC551x series of microcontrollers, including the i.MX31 Multimedia Applications Processor, the i.MX31L Multimedia Applications Processor, the MXC300-30 Mobile Extreme Convergence product, and the MPC5510 Microcontroller. Defendant Freescale has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '230 Patent. Defendant Freescale's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT THREE
### Freescale's Infringement of the '505 Patent

25. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

26.     Defendant Freescale has been and is still directly infringing one or more of the claims of the '505 Patent. Defendant Freescale's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '505 Patent, such as processors, mobile products, and microcontrollers, including but not limited to one or more of the i.MX series of processors, the MXC series of mobile products, the MPC551x series of microcontrollers, and the Kinetis series of microcontrollers, including the i.MX31 Multimedia Applications Processor, the i.MX31L Multimedia Applications Processor, the i.MX 6 Multimedia Applications Processor, the MXC300-30 Mobile Extreme Convergence product, the MPC5510 Microcontroller, and the Kinetis K10, K20, K30, K40, and K60 Microcontrollers. Defendant Freescale has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '505 Patent. Defendant Freescale's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT FOUR
### Freescale's Infringement of the '036 Patent

27.     MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

28.     Defendant Freescale has been and is still directly infringing one or more of the claims of the '036 Patent. Defendant Freescale's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '036 Patent, such as processors and microcontrollers, including but not limited to one or more of the MPC8xxx series of processors, the MPC56xxx series of microcontrollers, the i.MX series of processors, and the Kinetis series of microcontrollers, including the MPC8260 Processor, the MPC5606S Microcontroller, the i.MX 6 Multimedia Applications Processor, and

the Kinetis K10, K20, K30, K40, and K60 Microcontrollers. Defendant Freescale has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '036 Patent. Defendant Freescale's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT FIVE
### Freescale's Infringement of the '762 Patent

29. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

30. Defendant Freescale has been and is still directly infringing one or more of the claims of the '762 Patent. Defendant Freescale's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '762 Patent, such as processors, including but not limited to one or more of the i.MX series of processors, including the i.MX31 Multimedia Applications Processor, the i.MX31L Multimedia Applications Processor, the i.MX35 Multimedia Applications Processor, and the i.MX37 Multimedia Applications Processor. Defendant Freescale has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '762 Patent. Defendant Freescale's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT SIX
### Freescale's Infringement of the '725 Patent

31. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

32. Defendant Freescale has been and is still directly infringing one or more of the claims of the '725 Patent. Defodant Freescale's infringing acts include, but are not limited to,

9

making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '725 Patent, such as processors and system-on-chip devices, including but not limited to one or more of the i.MX series of processors and the STMP37xx series of system-on-chip devices, including the i.MX21 Multimedia Applications Processor, the i.MX21S Multimedia Applications Processor, the i.MX27 Multimedia Applications Processor, the i.MX27L Multimedia Applications Processor, the i.MX31 Multimedia Applications Processor, the i.MX31L Multimedia Applications Processor, the i.MX37 Multimedia Applications Processor, the STMP3700 System-on-Chip, and the STMP3738 System-on-Chip.  Defendant Freescale has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '725 Patent. Defendant Freescale's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

### COUNT SEVEN
### NVIDIA's Infringement of the '306 Patent

33.    MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

34.    Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '306 Patent.  Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '306 Patent, such as processors, including but not limited to one or more of the GeForce series of processors, including the GeForce 9400MG processor.  Defendant NVIDIA has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '306 Patent.  Defendant

NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT EIGHT
### NVIDIA's Infringement of the '680 Patent

35.     MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

36.     Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '680 Patent. Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '680 Patent, such as processors, including but not limited to one or more of the GeForce series of processors, including the GeForce GT240 processor and the GeForce GT330M processor. Defendant NVIDIA has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '680 Patent. Defendant NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT NINE
### NVIDIA's Infringement of the '230 Patent

37.     MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

38.     Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '230 Patent. Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '230 Patent, such as processors, including but not limited to one or more of the GoForce and Tegra series of processors, including the GoForce 6100 and Tegra APX processors. Defendant NVIDIA has been and is still contributing to the infringement of and/or actively

inducing third parties, such as end users, that directly infringe one or more of the claims of the '230 Patent. Defendant NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT TEN
### NVIDIA's Infringement of the '505 Patent

39. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

40. Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '505 Patent. Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '505 Patent, such as processors, including but not limited to one or more of the Tegra series of processors, including the Tegra 2 processor. Defendant NVIDIA has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '505 Patent. Defendant NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT ELEVEN
### NVIDIA's Infringement of the '036 Patent

41. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

42. Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '036 Patent. Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '036 Patent, such as processors, including but not limited to one or more of the Tegra series of processors, including the Tegra 2 processor. Defendant NVIDIA has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users,

that directly infringe one or more of the claims of the '036 Patent. Defendant NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT TWELVE
### NVIDIA's Infringement of the '762 Patent

43. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

44. Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '762 Patent. Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '762 Patent, such as processors, including but not limited to one or more of the GeForce series of processors, including the GeForce 8M processor, the GeForce GT240 processor, and the GeForce GT330M processor. Defendant NVIDIA has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '762 Patent. Defendant NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT THIRTEEN
### NVIDIA's Infringement of the '725 Patent

45. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

46. Defendant NVIDIA has been and is still directly infringing one or more of the claims of the '725 Patent. Defendant NVIDIA's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '725 Patent, such as processors, including but not limited to one or more of the GoForce series of processors, including the GoForce 6100 processor. Defendant NVIDIA has been and is still contributing to the infringement of and/or actively inducing third parties, such as

end users, that directly infringe one or more of the claims of the '725 Patent. Defendant NVIDIA's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT FOURTEEN
### Interphase's Infringement of the '036 Patent

47. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

48. Defendant Interphase has been and is still directly infringing one or more of the claims of the '036 Patent. Defendant Interphase's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '036 Patent, such as communications equipment, including but not limited to one or more of the iSPAN series of communications controllers, including the iSPAN 5639 PCI Express Communications Controller. Defendant Interphase has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '036 Patent. Defendant Interphase's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## JURY DEMAND

49. Pursuant to Fed. R. Civ. P. 38(b), MOSAID demands a jury trial on all issues triable by a jury raised in this Complaint.

## REQUEST FOR RELIEF

MOSAID requests that the Court find in its favor and against Defendants Freescale, Interphase, and NVIDIA and that the Court grant the following relief:

  A. Judgment that one or more of the claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants Freescale, Interphase, and NVIDIA;

  B. Judgment in favor of MOSAID for the full amount of its actual damages caused by infringing activities of Defendants Freescale, Interphase, and NVIDIA, including an assessment of interest and costs;

  C. Judgment for increased damages for willful infringement under 35 U.S.C. § 284;

  D. Judgment that this is an "exceptional case" and awarding MOSAID its reasonable attorneys' fees and costs under 35 U.S.C. § 285;

  E. Judgment that Defendants Freescale, Interphase, and NVIDIA be permanently enjoined from further activity or conduct that infringes the claims of the MOSAID Patents; and

  F. Judgment that the Court award MOSAID any and all other relief as is just and proper under the circumstances.

Dated:  April 7, 2011

Respectfully submitted,

*/s/ David M. Schlitz*

David M. Schlitz, Lead Attorney
District of Columbia Bar No. 333369
E-mail: david.schlitz@bakerbotts.com
BAKER BOTTS, L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, DC 20004
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890

Kurt M. Pankratz
Texas State Bar No. 24013291
E-Mail: kurt.pankratz@bakerbotts.com
Chad C. Walters
Texas State Bar No. 24034730
E-Mail: chad.walters@bakerbotts.com
Matthew D. Colagrosso
Texas State Bar No. 24065060
E-Mail: matthew.colagrosso@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

S. Calvin Capshaw
Texas State Bar No. 03783900
E-Mail: ccapshaw@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

ATTORNEYS FOR PLAINTIFF
MOSAID TECHNOLOGIES INC.