IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MOSAID TECHNOLOGIES INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:11-cv-00173-LED |
| | § | |
| FREESCALE SEMICONDUCTOR, INC., | § | |
| INTERPHASE CORPORATION, and | § | |
| NVIDIA CORPORATION, | § | |
| | § | |
| Defendants. | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ARM, LTD. AND ARM, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 6:12-cv-00008-LED |
| | § | |
| MOSAID TECHNOLOGIES INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MOSAID TECHNOLOGIES INC.'S MOTION TO CONSOLIDATE THE MOSAID
CASE AND THE ARM CASE, AND TO LIMIT THE SCOPE OF THE ARM CASE**

## I.      INTRODUCTION

Two nearly-identical cases involving the same MOSAID patents are now pending in this Court:  *MOSAID Technologies Inc. v. Freescale Semiconductor, Inc. et al.* (the "MOSAID case") and *ARM, Ltd. and ARM, Inc. v. MOSAID Technologies Inc.* (the "ARM case").  Because of the similarities in factual and legal issues, the two cases should be consolidated, and once consolidated, the ARM case should be limited in scope to (a) ARM's declaratory judgment claims concerning whether ARM induced Freescale and NVIDIA to infringe MOSAID's assertecd patents; and (b) ARM's declaratory judgment claims concerning invalidity of the asserted patents.

MOSAID and ARM made extensive efforts to reach agreement in order to file a joint motion.   The parties were able to agree with regard to consolidation, but could not agree on the extent the ARM case should be limited as part of the consolidated action.

There ought to be little dispute about whether the two cases are appropriate for consolidation.  The MOSAID case, which was originally filed in this Court, asserts claims for infringement of nine of MOSAID's patents ("Asserted Patents") against NVIDIA, Freescale, and Interphase.  The ARM case – recently transferred to this District from the Northern District of California – is based on a declaratory judgment action by ARM in a First Amended Complaint ("Amended DJ Complaint") seeking declarations on behalf of itself and its unnamed customers, who are known to include NVIDIA and Freescale, of invalidity and infringement of the same nine MOSAID patents.   Both cases involve identical issues of invalidity and MOSAID's standing to sue, and claim construction should be the same in the two cases.  In addition, the infringement issues largely overlap:  Under these facts and circumstances, and for the sake of efficiency and judicial economy, it makes sense to litigate these nearly-identical cases together.

As part of the consolidated action, ARM's case should be limited to (a) ARM's declaratory judgment claims concerning whether ARM induced Freescale and NVIDIA to infringe MOSAID's assertecd patents; and (b) ARM's declaratory judgment claims concerning invalidity of the asserted patents.

As pled, ARM seeks a declaratory judgment on behalf of itself and *all* its licensees, but it fails to either identify those licensees or reveal on behalf of how many entities it is suing.  There can be no case or controversy against a hypothetical group of parties, so excluding them from this case is a necessary first step.  As to NVIDIA and Freescale, there is, indeed, a case and controversy concerning them.  That controversy, however, is already being litigated in the MOSAID case, as part of MOSAID's original action and NVIDIA's and Freescale's counterclaims, rendering duplicative a claim asserted by ARM on their behalf.  In any event, based on ARM's pleadings, it does not have standing to assert those claims on behalf of NVIDIA and Freescale.  And as for ARM itself, MOSAID has never accused ARM of infringement.  To MOSAID's knowledge, ARM does not make chips, but rather makes designs for chips, which designs it then licenses to chip manufacturers.  Thus, the only possible case or controversy concerning ARM is whether by licensing its designs it induces direct infringement.

It also makes sense from a case management perspective to limit ARM's case to ARM's inducement of the Defendants in the MOSAID case.  If ARM is allowed to litigate whether each and every one of its customers do not infringe, the case could grow to a size that becomes unmanageable.  The Court has the power to control its docket to keep cases manageable, and limiting the scope of this consolidation would do just that.

Consolidating the cases and limiting the scope of the ARM case would also be efficient for another reason: it could have a determinative effect on several pending motions.  First is

MOSAID's motion in the ARM case to dismiss for failure to state a claim upon which relief can be granted.  The basis of that motion is that, in its Amended Complaint, ARM failed to provide the most minimal information to put MOSAID on notice.  Specifically, it failed to identify ARM's customers/licensees that it alleges do not infringe and the accused product(s) that allegedly do not infringe.  Amended DJ Complaint, counts 1, 3 and 6.  Also pending in the ARM case is a Rule 12(b)(7) motion to dismiss for failure to join necessary parties – ARM's customers/licensees.  Limiting the ARM case would resolve the two pending motions.

## II.    BRIEF FACTUAL BACKGROUND

On April 7, 2011, MOSAID filed its Original Complaint for patent infringement in this Court against Interphase, Freescale, and NVIDIA.  The Original Complaint included allegations of infringement concerning seven patents.  On August 15, 2011, MOSAID filed an Amended Complaint adding infringement claims for two newly-issued patents.  A total of nine patents are now asserted against each of the Defendants ("Asserted Patents").

The technology at issue concerns computer microprocessors.  NVIDIA and Freescale make, use, and/or sell microprocessors that infringe one or more of MOSAID's nine patents.  ARM, Ltd. and ARM, Inc. (collectively, "ARM") claim to be leading designers of processors.  Amended DJ Complaint at ¶12.   ARM licenses its designs for processors to its customers/licensees.  Amended DJ Complaint at ¶¶12, 13.  It does not make or sell processors.  Much like blueprints, ARM's licensees use the designs, modify them as necessary, manufacture the processors, and implement them into integrated circuits of products sold around the country and the world.  Amended DJ Complaint at ¶ 13.  Thus, NVIDIA and Freescale, not ARM, are direct infringers of the patents-in-suit.

On August 5, 2011, ARM filed a declaratory judgment action in the Northern District of California seeking declarations of invalidity and non-infringement of the exact nine patents at

issue in the MOSAID case (the "California Action" or the "ARM case").  Amended DJ Complaint at ¶10.  ARM seeks these declarations not just on behalf of itself, but all of its licensees. Amended DJ Complaint at ¶17.  It alleges that its licensees, to the extent they have incorporated ARM's processor core designs into their products, do not directly or indirectly infringe any of the nine patents MOSAID asserts here.  Amended DJ Complaint, count 1.  Two prominent licensees of ARM are Freescale and NVIDIA, each of which is already a defendant in the MOSAID case.

MOSAID moved to dismiss the California Action on jurisdictional grounds and, in the alternative, moved to transfer that case to this District on the grounds that many of the issues in that case are nearly identical to the MOSAID case, which was the first to be filed, and therefore the cases should be litigated together.  MOSAID's motion also included a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and a 12(b)(7) motion to dismiss for failure to join necessary parties.  The California court transferred the California Action to this District based on the first-to-file rule.[1]  Civil Action No. 6:12-cv-00008-LED, Doc. 33.  There are now two nearly-identical lawsuits concerning the same nine MOSAID patents pending in this Court, and they should be consolidated.

## III.   CONSOLIDATION OF THE MOSAID CASE AND THE ARM CASE IS APPROPRIATE

Consolidation is proper when the cases involve common questions of law and fact and the Court finds that it would avoid unnecessary costs or delay.  *St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing Fed. R. Civ. P. 42).  Some factors that courts have considered when determining if consolidation is appropriate include the following: (1) the cases are pending before the same

---

[1]      In so doing, the court did not rule on MOSAID's 12(b)(6) and 12(b)(7) motions.  Those motions are now pending before this Court.

court; (2) a common party is involved in the cases; (3) common issues of law and/or fact are involved; (4) no risk of prejudice or confusion if the cases are consolidated; and (5) judicial resources will be preserved. *Rodriguez v. Ford Motor Co.*, 2004 WL 2952612 at *1 (S.D. Tex., November 22, 2004); *see also Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1531–32 (5th Cir. 1983). These factors are all satisfied here.

First, there are two cases pending in this Court – the MOSAID case filed in April 2011 and the ARM case that was just transferred here by the Northern District of California. MOSAID is a common party to both actions.

Next, common questions of both law and fact plainly exist. The invalidity issues are identical. Claim construction issues should be identical. The direct infringement questions are identical. In the MOSAID case at issue is Freescale's and NVIDIA's direct infringement, based at least in part on their use of one of ARM's processor designs for their chips. And Freescale's and NVIDIA's direct infringement is a prerequisite to ARM inducement of infringement.

Moreover, the benefits of consolidating these actions – as opposed to trying them separately – far outweigh any unknown burdens that may exist. Consolidation will not burden either the parties or the witnesses, as many will be the same in both cases. In fact, consolidation benefits the witnesses in that they can avoid a duplication of effort. Additionally, consolidation will conserve judicial resources by not having to hold two *Markman* hearings, two summary judgment proceedings, and two trials involving identical issues. It will also reduce the expenses of all parties by also not having to duplicate discovery or any of the aforementioned items, and it will conserve time, as the Court will not need to create a second schedule behind what already exists for MOSAID's original case. The scales here tip strongly in favor of consolidation.

IV.    THE ARM CASE SHOULD BE LIMITED TO THE ISSUE OF ARM's INDUCEMENT OF FREESCALE'S AND NVIDIA'S INFRINGEMENT AND THE VALIDITY OF THE ASSERTED PATENTS

Because ARM failed to name the customers/licensees on behalf of whom it is suing, there cannot logically be a case or controversy against those hypothetical parties.  A party claiming declaratory judgment jurisdiction has the burden of showing "that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the insurance of a declaratory judgment.'"  *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  More specifically, for a case and controversy to exist, what is required is "that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *MedImmune*, 549 U.S. at 127.  To the extent the parties on behalf of whom ARM is suing remain unnamed, it is no different than asking the Court for an advisory opinion on a hypothetical state of facts.  *See Streck, Inc. v. Research & Diagnostic Sys., Inc., et al*, 665 F.3d 1269, 1284 (Fed. Cir. 2012) (holding that there was no declaratory judgment jurisdiction concerning individual claims of a patent that have not been or are no longer asserted in the lawsuit by the patent holder because there is no live case or controversy about such claims).

The Court has the inherent power and discretion to manage its docket and to make cases manageable.  *Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp. 2d 775, 778 (E.D. Tex. 2010) (Davis, J.).  If the consolidated case is not limited to the defendants in the MOSAID case and ARM, there is a substantial risk that the size of the case will grow such that it is unmanageable.  This is so because ARM states that it is suing on behalf of *all* its customers but fails to identify

all its customers or even the number of customers on behalf of whom it purports to sue.  If ARM is allowed to litigate whether each and every one of its licensees infringe, the discovery and trial burdens on the parties and the Court increase exponentially, rendering the case unmanageable. Direct infringement by each of ARM's licensees would have to be discovered and litigated. With regard to some of the patent claims, chip manufacturers may implement the device differently.  This means that, with each additional licensee on behalf of whom ARM may be suing comes new and unique discovery.  Moreover, the question of infringement for each product will likely extend beyond whether the basic ARM design infringes, but will also include an analysis of the product-by-product variations, again increasing the discovery and trial burdens. Thus, allowing ARM to litigate on behalf of all of its licensees would impose an undue discovery burden on MOSAID and an unmanagable trial burden on MOSAID and the Court.

The ARM case should be limited to the issue of ARM's inducement of Freescale's and NVIDIA's direct infringement and the validity of the Asserted Patents..  There is no case or controversy between ARM and MOSAID regarding direct infringement.  Nowhere in ARM's Amended Complaint does it allege that MOSAID ever met, attempted to license, or otherwise threatened ARM – and rightfully so because MOSAID never did such a thing.  ARM does not make or sell an infringing apparatus.  Rather it licenses designs for infringing apparatus.  There certainly is no case or controversy regarding direct infringement by ARM..   The only conceivable case or controversy between ARM and MOSAID is over whether ARM licensing Freescale and NVIDIA to use it processor designs constitutes inducement of infringement.

As to NVIDIA's and Freescale's direct infringement of the Asserted Patents, that issue is already being litigated in the MOSAID case by means of the MOSAID's original action and the declaratory judgment counterclaims NVIDIA and Freescale have already asserted.  Civil Action

No. 6:11-cv-00173-LED, Doc. Nos. 68, 90, 91.  Any claim by ARM on behalf of NVIDIA or Freescale would be duplicative.  In any event, ARM's Amended Complaint fails to plead facts sufficient to constitute ARM's standing to sue on behalf of any of its customers/licensees.

## V.    CONCLUSION

Consolidation of this case with ARM's declaratory judgment action that was recently transferred to this District from California is appropriate.  The patents at issue are identical, and each case will have many overlapping factual issues with respect to validity and infringement. While consolidation is the most efficient way to manage this litigation, the consolidated case must be limited in scope to avoid undue discovery and trial burdens on the parties and the Court. If ARM's claims were not limited, the consolidated case could become unmanageable. MOSAID, therefore, requests that the Court grant its Motion, consolidate the two cases, and limit the scope of ARM's claims in the consolidated case to (a) ARM's declaratory judgment claims concerning whether ARM induced Freescale and NVIDIA to infringe MOSAID's assertecd patents; and (b) ARM's declaratory judgment claims concerning invalidity of the asserted patents.

Dated:  April 26, 2012                    Respectfully submitted,


                                          */s/ Kurt M. Pankratz*

                                          David M. Schlitz, Lead Attorney
                                          District of Columbia Bar No. 333369
                                          E-mail: david.schlitz@bakerbotts.com
                                          BAKER BOTTS, L.L.P.
                                          The Warner
                                          1299 Pennsylvania Ave., NW
                                          Washington, DC 20004
                                          Telephone:  (202) 639-7700
                                          Facsimile:  (202) 639-7890

                                          Kurt M. Pankratz
                                          Texas State Bar No. 24013291
                                          E-Mail: kurt.pankratz@bakerbotts.com
                                          Chad C. Walters
                                          Texas State Bar No. 24034730
                                          E-Mail: chad.walters@bakerbotts.com
                                          Jonathan B. Rubenstein
                                          Texas State Bar No. 24037403
                                          BAKER BOTTS L.L.P.
                                          2001 Ross Avenue
                                          Dallas, Texas  75201
                                          Telephone:  (214) 953-6500
                                          Facsimile:  (214) 953-6503

                                          S. Calvin Capshaw
                                          Texas State Bar No. 03783900
                                          E-Mail: ccapshaw@capshawlaw.com
                                          CAPSHAW DERIEUX, LLP
                                          1127 Judson Road, Suite 220
                                          P.O. Box 3999
                                          Longview, Texas  75601
                                          Telephone:  (903) 236-9800
                                          Facsimile:  (903) 236-8787

                                          ATTORNEYS FOR PLAINTIFF
                                          MOSAID TECHNOLOGIES INC.

## CERTIFICATE OF CONFERENCE

I certify this 26th day of April, 2012 that Plaintiff's Counsel and Defendants' counsel: (1) complied with the meet and confer requirement in Local Rule CV-7(h); and (2) despite best efforts the counsel have not been able to resolve those matters presented in this opposed motion.

*/s/ Kurt M. Pankratz*
Kurt M. Pankratz

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 26th day of April, 2012 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

*/s/ Kurt M. Pankratz*
Kurt M. Pankratz