IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MOSAID TECHS., INC. *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 6:11-cv-173 |
| v. | § | |
| | § | |
| FREESCALE SEMICONDUCTOR, INC. *et al*, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this proceeding the undersigned United States Magistrate for consideration of claim construction issues. Defendants filed a motion for summary judgment, seeking a declaration that Claim 8 of United States Patent No. 5,577,230 is invalid under 35 U.S.C. § 112, ¶ 2 for indefiniteness, by failing to particularly point out and distinctly claim the invention. Doc. #193.

For the reasons discussed below, the court recommends that the motion for summary judgment be denied.

**I. BACKGROUND**

**A.      Overview of '230 patent**

The '230 patent is directed to a microprocessor architecture having two memory buses to interface two separate memory systems for instruction fetch and data read/write with respect to both memory systems. The architecture is illustrated in Figure 3:

1



FIG. 3

The program fetch unit 50 can read instructions from either memory 46 or 48. The data read/write unit 52 can read data from or write data to either memory also. In order to coordinate operations between units 50 and 52 and either of memory 46 or 48, an arbitration unit 54 is provided. The arbitration unit services the requests for memory accesses originating from either program fetch unit 50 or data read/write unit 52. The arbitration unit 54 is further diagramed in Figure 4:



FIG. 4

As shown, unit 54 includes a bus controller for each bus and a control process 56. As indicated, arbitration unit 54 controls which bus is used for a given instruction request or data access and also determines what actions to take when two requests to the same bus occur simultaneously. The control process 56 defines a "mapping" between the requests for memory access and the appropriate bus connections. Such "mapping" is exemplified by the truth table of Figure 5 as implemented in the flow diagram of Figure 6.

**B.      Claim 8 of the '230 patent**

Claim 8 of the '230 patent is dependent from Claim 1. Claim 1 recites:

1. Apparatus for interfacing computer memory using an enhanced Harvard architecture, which comprises:

a) first memory means for storing program instructions and data;

b) second memory means, for storing program instructions and data, such that program instructions and data may be simultaneously stored in at least one of said first or said second memory means; and

c) a processor coupled to the first and second memory means by respective first and second interface buses, the processor including:

    means for requesting fetches of program instructions from the first and second memory means;

    means for requesting transfers of data between the processor and the first memory means and the processor and the second memory means; and

    means for arbitrating which of the first and second memory bus interfaces a particular program instruction fetch or data transfer is to take place.

Claim 8 introduces a further limitation regarding the program instructions of Claim 1:

8. The apparatus according to claim 1, wherein at least a portion of the program instructions may include self-modifying code which generates instruction data, which instruction data in turn is executable as a program instruction.

## II. SUMMARY JUDGMENT STANDARD

A party may move for summary judgment on all or part of a claim. Fed. R. Civ. P. 56(a). A summary judgment motion should be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The party moving for summary judgment under Rule 56 has the burden of demonstrating that no material fact issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). If the moving party meets this burden, then the non-moving party, must bring forth affirmative evidence in order to defeat the summary judgment motion. *Id.* at 257, 106 S. Ct. at 2514. The non-moving party, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).

Only a genuine dispute over a material fact—a fact which might affect the outcome of the suit under the governing substantive law—will preclude summary judgment. *Anderson,* 477 U.S. at 248, 106 S. Ct. at 2510. The dispute in this case is genuine if the evidence is such that a fact-finder, utilizing the proper evidentiary standard, could render a decision in the non-moving party's favor. *See id.* at 255, 106 S. Ct. at 2514 ("[D]etermination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."). Furthermore, the court must view all facts and the inferences to be drawn from them in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

## III. APPLICABLE LAW—INDEFINITENESS UNDER SECTION 112, PARAGRAPH 2

35 U.S.C. § 112, ¶ 2 states that: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." The second paragraph of Section 112 has two requirements: (1) Claim 8 must set out "what the applicant regards as his invention," and (2) Claim 8 must "do so with sufficient particularity and distinctness, i.e., the claim must be sufficiently definite." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1348 (Fed. Cir. 2002) (internal quotations omitted).

> Under 35 U.S.C. § 112 ¶ 2, a patent applicant is required, at the close of his specification, to "particularly point[ ] out and distinctly claim[ ] the subject matter the applicant regards as his invention." The requirement of claim definiteness set out in § 112 ¶ 2 assures that claims in a patent are "sufficiently precise to permit a potential competitor to determine whether or not he is infringing." *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470, 28 USPQ2d 1190, 1195 (Fed. Cir. 1993). The standard of indefiniteness is somewhat high; a claim is not indefinite merely because its scope is not ascertainable from the face of the claims. *Cf., e.g., LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347, 1359-60, 61 USPQ2d 1193, 1202 (Fed. Cir. 2001) (affirming district court finding that patent was not indefinite, despite testimony from a co-inventor that he did not understand what the claim limitation "substantially completely wetted" meant). Rather, a claim is indefinite under § 112 ¶ 2 if it is "insolubly ambiguous, and no narrowing construction can properly be adopted." *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375, 60 USPQ2d 1272, 1276 (Fed. Cir. 2001); *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349, 63 USPQ2d 1769, 1776 (Fed. Cir. 2002) ("It is not our function to rewrite [indefinite] claims to preserve their validity.").

*Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1342 (Fed. Cir. 2003) (alternations in original).

## IV. DISCUSSION

Defendants' argument essentially boils down to the contention that the permissive wording of Claim 8 ("a portion of the program instructions may include self-modifying code which generates instruction data") renders it indefinite. Defendants suggest that one skilled in the art would be unable

5

to discern whether Claim 8 may only be satisfied by an apparatus that is actually storing self-modifying code, or whether it must be able to possibly store self-modifying code, or whether it need not store self-modifying code at all.

Plaintiffs respond that Claim 8, when read in view of the specification, informs the POSITA that the phrase means that the apparatus is capable of supporting self-modifying code. Plaintiffs also argue that Defendants offer no authority for the proposition that words of permission ("may") will *per se* render a claim indefinite. Defendants' reply brief argues that Claim 8 does not provide any additional structure that narrows Claim 1, if Claim 8 is construed to mean "capable of supporting self-modifying code."

The court disagrees that Claim 8 is indefinite. Defendants have cited, and the court has not found, any case that categorically states words of permission in a claim render it automatically indefinite.[1] The court rejects Plaintiffs' suggestion that the claim should be construed to mean "capable of supporting self-modifying code," because it would re-write Claim 8. Claim 8 is not directed to a capability of the apparatus to support self-modifying code; rather, Claim 8 is directed toward imposing a further limitation on the stored program instructions recited in Claim 1. Although Plaintiffs' proposal is incorrect, so is Defendants' argument that Claim 8 does not present a narrowing limitation to Claim 1.

---

[1] The case cited by Defendants in their reply briefing, *Wellman, Inc. v. Eastman Chemical Co.*, 642 F.3d 1355, 1367-68 (Fed. Cir. 2011), is inapposite. The *Wellman* court concluded that even though a claim did not cite the specific conditions required to perform it, the POSITA would know, based on industry standards, what was appropriate. Given that "a patent applicant need not include in the specification that which is already known to and available to a person of ordinary skill in the art," the court found the claim not indefinite. *Wellman* does not address whether words of permission *per se* render a claim indefinite.

In view of the specification, the court concludes that the POSITA would understand the phrase "may include self-modifying code" in Claim 8 to mean that the stored program instructions recited in Claim 1 include self-modifying code.

## V. CONCLUSION

The court recommends that Defendants' motion for summary judgment be denied, because Claim 8 is not indefinite.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 29th day of April, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE